IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ANNETTE K. LANE,<br><br>                Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>                Defendant. | CV 15-53-BLG-CSO<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES UNDER EAJA** |

**I.  Background**

On September 6, 2016, Plaintiff Annette K. Lane ("Lane") filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.§ 2412. *Mtn. for Fees (ECF No. 24)*. Lane seeks attorney fees for one hour at the 2015 hourly rate of $190.28, and 43.2 hours at the 2016 hourly rate of $191.70, for a total of $8,471.72. *Id*.

Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), opposes Lane's motion. *Commissioner's Resp. Br. (ECF No. 25)*. The Commissioner's sole argument opposing Lane's motion is that the motion is untimely. *Id. at 2*.

-1-

In reply, Lane acknowledges that her motion was filed 5 days late. *Lane's Reply Br. (ECF No. 26)*. But, she argues, good cause excuses her motion's untimeliness because her attorney "was medically incapacitated" during the relevant time for filing. *Id. at 2*. To support this argument, Lane has filed the declaration of her counsel, Russell A. LaVigne, Jr., who states that he was hospitalized in Seattle, Washington, on August 14, 2016, and underwent three surgeries in the weeks that followed. *LaVigne Decl. (ECF No. 26-1)*. He further states that he was transferred to a rehabilitation facility in Washington, and remains in a rehabilitation facility in Montana. During his time in hospital and the rehabilitation facilities, LaVigne states that he suffered from confusion, and even paranoia, and was administered anesthesia and pain medications. *Id. at 1-2*. For these reasons, Lane argues, and under "the facts and law and equity, the Court should [find] good cause for late filing and grant the motion." *ECF No. 26 at 2*.

II. <u>Analysis</u>

The United States Supreme Court has concluded that the thirty-day deadline for filing EAJA fee and cost applications is not

jurisdictional. *Scarborough v. Principi*, 541 U.S. 401 (2004). The Supreme Court did not decide, however, whether that deadline is subject to equitable tolling. *Id.* 541 at 421, n.8 ("Because our decision rests on other grounds, we express no opinion on the applicability of equitable tolling in the circumstances here presented").

Courts in the Second Circuit, the Sixth Circuit, and the Tenth Circuit have concluded that equitable tolling may be applied. *See, e.g., Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 583 (6th Cir.2005) ("[W]e conclude that based on the Supreme Court's decision in *Scarborough,* the EAJA time limitation for fee applications is subject to equitable tolling."); *Zerilli–Edelglass v. N.Y.C. Transit Auth.,* 333 F.3d 74, 80–81 (2d Cir. 2003); *Froelich v. Astrue,* 561 F.Supp.2d 1044, 1045–46 (D. Minn. 2008) ("Accordingly, this Court holds that EAJA's time limitation is subject to equitable tolling")*; Batchelder v. Astrue,* No. 10–CV–0267 (MAD), 2012 WL 4513766, at *1 (N.D.N.Y. Oct.1, 2012) ("The Court is empowered to equitably toll the time to apply for attorney's fees in circumstances where counsel has been unable to timely file despite due diligence"). *See also Sanchez v. Astrue*, 273 Fed.

Appx. 686, 687 (9th Cir. 2008) (unpublished) (noting that *Scarborough* did not answer the question, but that even if equitable tolling could be applied in a disability case, circumstances did not warrant its application in that case).

For equitable tolling to apply, a plaintiff must establish that: (1) she has been pursuing her rights diligently, and (2) some extraordinary circumstances stood in her way. *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Negligence or excusable neglect is not sufficient. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) ("a garden variety claim of excusable neglect" does not merit exercise of equitable tolling).

Based on the above authorities, the Court concludes that the fee application deadline is subject to equitable tolling, but that such tolling will be found appropriate only in rare cases. Based on counsel's Declaration (*ECF No. 26-1),* the Court further concludes that this is such a rare case. The Declaration states that counsel has been medically unable to function during the latter half of the thirty-day application period. Defendant does not contest the Declaration.

Although counsel is expected to arrange for the handling of cases during periods of incapacity, it appears that this was an unanticipated medical emergency. *Id. at 1, ¶ 2.*

The only objection to the motion for fees concerned the timeliness of the application. Having found that the deadline should be equitably tolled in this case, the Court concludes that the motion should be granted.

### III. Conclusion

Accordingly, for the reasons set forth above, **IT IS ORDERED** that the Plaintiff's Motion for Attorney Fees Under EAJA (*ECF No. 24)* is GRANTED. Plaintiff is awarded fees and costs totaling $8,471.72.

DATED this 12th day of October, 2016.

<u>/s/ *Carolyn S. Ostby*</u>
United States Magistrate Judge